1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  BRANDON BROTHERTON,                    Case No. 1:16-cv-00265 DLB PC

12          Plaintiff,                      ORDER DISMISSING COMPLAINT
                                            WITH LEAVE TO AMEND
13      v.
                                            THIRTY-DAY DEADLINE
14  ZUNIGA, et al.,

15          Defendant.

16

17          Plaintiff Brandon Brotherton ("Plaintiff") is a federal prisoner proceeding pro se in this

18  action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

19  388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed

20  this action on January 11, 2016, in the Court of Common Pleas of Portage County, Ohio.

21  Defendants removed the action to the United States District Court for the Northern District of Ohio

22  on February 5, 2016.

23          On February 24, 2016, the action was transferred to this Court, as the events at issue occurred

24  while Plaintiff was incarcerated at the Federal Correctional Institution- Mendota ("FCI Mendota").

25  He names FCI Mendota Warden Rafael Zuniga and the FCI Medical Administrator as Defendants.

26  **A.      SCREENING STANDARD**

27          The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part,

28  if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. §

1

1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.    ALLEGATIONS**

Plaintiff is currently incarcerated at FCI Mendota, where the events at issue took place.

Plaintiff explains that FCI Mendota is a relatively new institution, and he recognizes that it "sometimes takes time to get an institution up and fully running."  ECF No. 1-1, at 2.  However, he contends that proper food and medical care are always required.

Plaintiff contends that the medical care at FCI Mendota is "absolutely and positively deplorable," in violation of the Eighth Amendment.  ECF No. 1-1, at 3.  Plaintiff has no front teeth, which impacts his ability to properly chew food.  Proper chewing, in turn, impacts his ability to digest his food.

///

///

2

Plaintiff alleges that Defendants couldn't care less if he is able to chew or properly digest his food.  There are numerous inmates at FCI Mendota who are missing teeth and who are unable to obtain proper dental care, and Plaintiff alleges that Defendants do not care about his dental health.

Plaintiff believes that without Court intervention, Defendants would let all inmates lose their teeth.

## C.   DISCUSSION

### 1.   Linkage

Plaintiff may sue individual prison employees for damages under *Bivens*, but he must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under *Bivens*.  *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). To state a claim, Plaintiff must demonstrate that a supervisory Defendant was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *See, e.g., Redman v. County of San Diego,* 942 F.2d 1435, 1446-47 (9th Cir.1991) (en banc).

Defendants Zuniga and the FCI Mendota Medical Administrator are in supervisory positions. Plaintiff does not include *any* factual allegations against them, however, and he does not allege how they personally participated in the deprivation of his rights.

Plaintiff therefore fails to state a claim against any Defendant.

### 2.   Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm*, 680

3

F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff alleges that Defendants do not care about his teeth and that they have not provided proper dental care. His allegations, however, are too vague to show that any Defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837. To properly state a claim, Plaintiff must include sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

In other words, Plaintiff must explain what each Defendant did to violate his Eighth Amendment rights. His vague allegations are insufficient to state a claim.

**D.** **CONCLUSION AND ORDER**

Plaintiff does not state any cognizable claims. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert.

4

1  denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be

2  [sufficient] to raise a right to relief above the speculative level. . ."  *Twombly*, 550 U.S. at 555

3  (citations omitted).

4  Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa*

5  *County*, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without

6  reference to the prior or superceded pleading," Local Rule 220.

7  Based on the foregoing, it is HEREBY ORDERED that:

8  1.    Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

9  2.    The Clerk's Office shall send Plaintiff a complaint form;

10  3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must

11       file an amended complaint curing the deficiencies identified by the Court in this

12       order;

13  4.    If Plaintiff fails to comply with this order, this action will be dismissed, without

14       prejudice, for failure to obey a court order.

15

16  IT IS SO ORDERED.

17  Dated:   **May 17, 2016**                    **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28