# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON BROTHERTON,<br><br>    Plaintiff,<br><br>    v.<br><br>ZUNIGA, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:16-cv-00265 LJO DLB<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDERS AND FAILURE TO PROSECUTE<br><br>THIRTY-DAY OBJECTION DEADLINE |

    Plaintiff Brandon Brotherton ("Plaintiff") is a federal prisoner proceeding pro se in this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed this action on January 11, 2016, in the Court of Common Pleas of Portage County, Ohio. Defendants removed the action to the United States District Court for the Northern District of Ohio on February 5, 2016, and it was transferred to this Court on February 25, 2016.

    On May 17, 2016, the Court screened the complaint and dismissed it with leave to amend. Pursuant to that order, an amended complaint was due within thirty (30) days.

    Additionally, on June 1, 2016, the Court sent Plaintiff a <u>third</u> order regarding consent and request for reassignment.  Plaintiff was ordered to either decline or consent to Magistrate Judge jurisdiction within thirty (30) days.

///

///

On July 11, 2016, after Plaintiff failed to comply with all orders, the Court issued an order to show cause why the action should not be dismissed for failure to follow Court orders and failure to prosecute. Plaintiff was ordered to file a response within thirty (30) days.

Over thirty (30) days have passed and he has failed to respond to the order to show cause, comply with the orders, or otherwise contact the Court.

**A.    DISCUSSION**

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, courts must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 5, 2016, and there is no operative complaint. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order to show cause expressly stated: "Failure to follow this order will result in dismissal of this action." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**B.    FINDINGS AND RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey Court orders and failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **THIRTY (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 25, 2016**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE